Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **JONNI ISAAC**, | ) Case No. 2:09-cv-05071-FVS |
| | ) |
| Plaintiff, | ) **AMENDED COMPLAINT FOR** |
| | ) **VIOLATION OF FEDERAL FAIR** |
| vs. | ) **DEBT COLLECTION PRACTICES** |
| | ) **ACT, VIOLATION OF REVISED** |
| **SUTTELL & ASSOCIATES, PS,** | ) **CODE OF WASHINGTON,** |
| | ) **CHAPTER 19.16, AND INVASION** |
| Defendant. | ) **OF PRIVACY** |
| | ) |
| | ) |
| | ) |
| | ) |

## I.  NATURE OF ACTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and of the Revised Code of Washington,

AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Chapter 19.16, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy by intrusion, ancillary to Defendant's collection efforts.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.  Plaintiff, Jonni Isaac, is a natural person residing in the State of Washington, County of Benton, and City of Kennewick.

4.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" as defined by RCW § 19.16.100(11).

5.  At all relevant times herein, Defendant, Suttell & Associates, PS, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a "licensee," as defined by RCW § 19.16.100(9).

## IV. FACTUAL ALLEGATIONS

7.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant

AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and RCW § 19.16 in multiple ways, including but not limited to:

a. Distributing to Plaintiff a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by a Court of Washington State and which creates a false impression as to its source. Defendant used a process server to serve Plaintiff in or around July, 2008, with 2 documents, titled "Summons" and "Complaint." The first page of each document included a document header containing the words: "In the Superior Court of the State of Washington for Benton County." Overall, these documents resembled very closely an authentic "Summons" and "Complaint" as those words are used in everyday practice by attorneys and laymen. Although these documents were served in or around July, 2008, Defendant did not actually file the corresponding legal suit until February, 2009, approximately 7 months later.

Washington Courts do not "authorize" the practice of abusing the rules of legal process, or procedures that are in violation of Federal Law. Furthermore, the documents served upon Plaintiff created the impression in Plaintiff, and generally tend to create the impression in the mind of a least sophisticated consumer, that the documents were "issued" by a Court of Washington State. Regardless of whether Washington Civil Procedure provides for the service of an unfiled summons and complaint, the documents undoubtedly falsely represent to a least sophisticated consumer that they were issued by the State of Washington. The Summons and Complaint referred to are attached as Exhibits A and B respectively. An internet search result showing that Defendant filed suit against Plaintiff in February, 2009, is attached as Exhibit C (§ 1692e(9));

b. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to instigate a lawsuit by serving a Summons and Complaint in July, 2008, where the corresponding lawsuit was not actually filed

AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

until February, 2009.  Defendant misrepresented the imminence of legal action and the same is established, in part, by the objective proof that threatened action was not filed in the stated, implied, referenced, or reasonable time frame. See Exhibits A-C (§ 1692e(5));

c. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including failing to include the notice language required by 15 USC § 1692g along with the "Summons" and "Complaint" sent to Plaintiff in July, 2008.  See Exhibits A & B (§ 1692g(a));

d. Upon information and belief, filing a false affidavit or complaint in a debt collection lawsuit.  Plaintiff suspects that the Affidavit attested to by Sharon Reubens and submitted to a court of law by Suttell & Associates, was made without sufficient knowledge of the creditor's account system and without sufficient knowledge of the creditor's basis for determining that Plaintiff owes the allege debt.  See Exhibit D.  One basis for Plaintiff's supposition is that the affidavit appears to be made from a form and to be inappropriate to the facts of the case.  The affidavit states that the affiant is an agent of Capital One Bank, successor in interest to Capital One Bank.  The debt was not assigned from Capital One Bank to Capital One Bank, and Defendant's submission of this affidavit in support of its client's claims was a false and misleading statement by Defendant (§ 1692e(10));

e. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including waiting an unfair length of time before filing and prosecuting lawsuit for which process had been served in August, 2008, but for which a corresponding lawsuit to enforce the complaint was not filed until February, 2009.  See Exhibits A-C.  Plaintiff was prejudiced by the unnecessary and unexplained delay in prosecuting the lawsuit that Plaintiff believed such lawsuit was imminent in August, 2008.  Plaintiff relied to his detriment on the imminence of the lawsuit and believed that the lawsuit had been voluntarily dismissed when Defendant failed to actually file the suit (§ 1692f)).

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

f.  Collecting an amount from Plaintiff that is not permitted by law.  When Defendant filed the lawsuit referred to above in February, 2009, Defendant asked the court to grant its client pre-judgment interest for each day leading up to the filing of the suit.  Defendant's client was not entitled to the full amount of such interest as Defendant's client is required to mitigate its damages.  Defendant failed to mitigate damages on behalf of its client by serving Plaintiff with process in August, 2008, but waiting until February, 2009, to file suit.  Therefore, its request for full interest was an attempt to collect an amount not permitted by law.  Attempting to collect an unlawful amount from Plaintiff in this manner was also an unfair practice, an abusive practice and a deceptive practice (§ 1692f(1); § 1692f; § 1692e(10); § 1692d).

8.  As a result of Defendant's behavior, detailed above, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9.  Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Statutory damages;

AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

D.    Costs and reasonable attorney's fees; and,

E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF WASHINGTON COLLECTION AGENCY ACT, WHICH IS A PER SE VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

10.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Actual damages;

B.    Discretionary Treble Damages;

C.    Costs and reasonable attorney's fees,

D.    For such other and further relief as may be just and proper.

Respectfully submitted this 11th day of January, 2010.


s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com