Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **JONNI ISAAC,** | ) Case No. 2:09-cv-05071-FVS |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S RESPONSE TO** |
| | ) **DEFENDANT'S MOTION TO** |
| vs. | ) **DISMISS** |
| | ) |
| **SUTTELL & ASSOCIATES, PS,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
| _____ | ) |

## I.    STATEMENT OF FACTS.

On August 1, 2008 Defendant served upon Plaintiff an unfiled summons and an unfiled complaint.  (See Summons and Complaint, originally attached to the Declaration of Carl E. Huber in Support of Defendant's Motion to Dismiss as Exhibit "A").  The unfiled summons served upon Plaintiff reads in part:

> A lawsuit has been started against you in the above-entitled court by the above-named plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this Summons.

> In order to defend against this lawsuit, you must respond to this complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for the particular

Response to Motion to Dismiss - 1

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

plaintiff within 20 days after service of this summons (or within 60 days after service of this summons, if you were served outside of the state of Washington) excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where plaintiff is entitled to what he asks for because you have not responded.  If you serve notice of appearance on the undersigned attorneys, you are entitled to notice before a default judgment may be entered.

You may demand that the other party file this action with the court.  If you do so, the demand must be in writing and must be served upon the person signing this summons.  Within 14 days after you serve the demand, the other party must file this action with the court, or the service of this summons and petition will be void.

(See Summons and Complaint, originally attached to the Declaration of Carl E. Huber in Support of Defendant's Motion to Dismiss as Exhibit "A").

Plaintiff submitted a pro-se Notice of Appearance, as well as an Answer and Affirmative Defenses, on August 4, 2008 and August 5, 2008 respectively.  (See Notice of Appearance and Answer, originally attached to the Declaration of Carl E. Huber in Support of Defendant's Motion to Dismiss as Exhibits "B" and "C").  Defendant did not file the summons and complaint served upon Plaintiff on August 1, 2008 until February 11, 2009.  (Declaration of Carl E. Huber in Support of Defendant's Motion to Dismiss at 4).  What's more, Defendant did not take any action in connection with the complaint filed on February 11, 2009 until June 9, 2009, at which time Defendant filed its Motion for Summary Judgment.  (Declaration of Carl E. Huber in Support of Defendant's Motion to Dismiss at 4).

Response to Motion to Dismiss - 2

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

On August 10, 2009 Plaintiff filed her original Complaint against Defendant alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., violations of the Revised Code of Washington, Chapter 19.16, and for common law invasion of privacy by intrusion.  (Document 1).  In particular, Plaintiff alleged that Defendant threatened to take action that could not legally be taken or that was not intended to be taken, in violation of 15 U.S.C. §1692e(5); that Defendant used or distributed a written communication which simulates or was falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which created a false impression as to its source, authorization, or approval, in violation of U.S.C. §1692e(9); and, that Defendant failed within five days after Defendant's initial communication with Plaintiff in connection with the collection of the subject debt to provide requisite notices to Plaintiff, in violation of U.S.C. §1692g(a).[1]  (Document 1).

---

[1]  Through her Amended Complaint, Plaintiff additionally pleaded, amongst other allegations, that Defendant violated the FDCPA by:

> Collecting an amount from Plaintiff that is not permitted by law.  When Defendant filed the lawsuit referred to above in February, 2009, Defendant asked the court to grant its client pre-judgment interest for each day leading up to the filing of the suit.  Defendant's client was not entitled to the full amount of such interest as Defendant's client is required to mitigate its damages.  Defendant failed to mitigate damages on behalf of its client by serving Plaintiff with process in August, 2008, but waiting until February, 2009, to file suit.  Therefore, its request for full interest was an attempt to collect an amount not permitted by law.  Attempting to collect

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## II. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a

> an unlawful amount from Plaintiff in this manner was also an unfair practice, an abusive practice and a deceptive practice (§ 1692f(1); § 1692f; § 1692e(10); § 1692d).
>
> \*     \*     \*
>
> Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including waiting an unfair length of time before filing and prosecuting lawsuit for which process had been served in August, 2008, but for which a corresponding lawsuit to enforce the complaint was not filed until February, 2009. See Exhibits A-C. Plaintiff was prejudiced by the unnecessary and unexplained delay in prosecuting the lawsuit that Plaintiff believed such lawsuit was imminent in August, 2008. Plaintiff relied to his detriment on the imminence of the lawsuit and believed that the lawsuit had been voluntarily dismissed when Defendant failed to actually file the suit (§ 1692f)).

(See Document 26).

Response to Motion to Dismiss - 4

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply, designed to protect consumers from

Response to Motion to Dismiss - 5

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

## III.    THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997); *see also Irwin v. Mascott,* 112 F. Supp. 2d 937 (N.D. Cal. 2000); *Pittman v. J.J. Mac Intyre Co. of Nevada, Inc.,* 969 F. Supp. 609 (D. Nev.1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Turner v. J.V.D.B. & Associates, Inc.,* 330 F. 3d 991, 995 (7th Cir. 2003) (holding unintentional misrepresentation that debtor was obligated to pay a debt discharged in bankruptcy violated the FDCPA); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D. N.Y. 2006); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

## IV.    THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS.

Response to Motion to Dismiss - 6

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002); *see e.g. Plummer v. Gordon,* 193 F.Supp.2d 460, 463 (D.Conn.2002); *Ross v. Commercial Fin. Servs.,* 31 F.Supp.2d 1077, 1079 (N.D. Ill. 1999); *Harrison v. NBD, Inc.,* 968 F. Supp. 837 (E.D. N.Y.1997).

## V.    THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE LEAST SOPHISTICATED CONSUMER STANDARD.

The FDCPA is to be interpreted in accordance with the "least sophisticated" or "unsophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985) (adopting the "least sophisticated" consumer standard); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991) (noting that statutory notice under FDCPA is to be interpreted from perspective of "least sophisticated debtor" standard); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988) (holding that provisions of the FDCPA are to be judged under the "least sophisticated debtor" standard); *Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254 (7th Cir. 1994) (using the "unsophisticated consumer," rather than the "least sophisticated consumer," in order to protect consumers who are uninformed, naive or trusting, while admitting objective

Response to Motion to Dismiss - 7

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

element of reasonableness).   The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive debt collection practices, and protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

## VI.    PLAINTIFF TIMELY ASSERTED AGAINST DEFENDANT CAUSES OF ACTION PURSUANT TO 15 U.S.C. §§1692e(5), 1692e(9).

15 U.S.C. §1692k provides in pertinent part:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. §1692k(d).

For purposes of an action pursuant to the FDCPA the statute of limitations begins to run "from the Defendant's last opportunity to comply with the [FDCPA]."  *Naas v. Stolman*, 130 F. 3d 892, 893 (9th Cir. 1997); quoting *Mattson v. U.S. West Commc'ns*, 967 F. 2d 259, 261 (8th Cir. 1992).  The "discovery rule" applies to claims brought under the FDCPA.  *Magnum v. Action Collection Serv., Inc.*, 575 F. 3d 935, 941 (9th Cir. 2009).  "[N]othing in the language of the FDCPA suggests that the statute of limitations runs from the first possible violation and encompasses all later-occurring and distinct violations of the Act."  *Malik v. Unifund CCR Partners*, 2009 WL 5197820 (W.D. Wash.

Response to Motion to Dismiss - 8

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

2009).  "Rather, the Act states that a plaintiff may file an action for any violation of the Act which occurs within one year of filing the complaint." *Id*. at *5.

A.    **The "Discovery Rule," Mandating That A Limitations Period Begins To Run When The Plaintiff Knows Or Has Reason To Know Of The Injury Which Is The Basis Of The Action, Applies To Claims Brought Under The FDCPA.**

The discovery rule applies to statutes of limitations in federal litigation.  *Mangum v. Action Collection Service, Inc*, 575 F. 3d 935, 940 (9th Cir. 2009).  "[F]ederal law determines when the limitations period begins to run, and the general federal rule is that 'a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"  *Id*., citing *Norman-Bloodsaw v. Lawrence Berkeley Lab.,* 135 F. 3d 1260, 1266 (9th Cir.1998), quoting *Trotter v. Int'l Longshoremen's & Warehousemen's Union,* 704 F. 2d 1141, 1143 (9th Cir.1983).  Under federal law governing statutes of limitations, a cause of action accrues when all events necessary to state a claim have occurred.  *Chevron U.S.A., Inc. v. U.S.*, 923 F. 2d 830 (Fed. Cir. 1991).  In other words, a claim accrues on the date when all the events have occurred which fix liability and entitle the plaintiff to institute an action.  *See Oceanic S.S. Co. v. U.S.*, 165 Ct. Cl. 217, 225 (1964).  A claim does not accrue unless the claimant knew or should have known that the claim existed.  *Jones v. United States*, 801 F. 2d 1334, 1335 (Fed. Cir. 1986), cert denied 107 S. Ct. 1887.

Simply, the "discovery rule" shields a plaintiff from the accrual of a cause of action until he or she discovers, or by an exercise of reasonable diligence and intelligence

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

should have discovered, that he or she may have an actionable claim, or until the plaintiff discovers or should have discovered all of the essential elements of the claim. *Fink v. Shedler*, 192 F. 3d 911 (9th Cir. 1999), amended on denial of reh'g and reh'g en banc, (Dec. 13, 1999), cert. denied, 120 S. Ct. 1979 (U.S. 2000). The discovery rule applies if an element of a cause of action has occurred, but cannot be pleaded in a proper complaint because it is not yet discoverable with reasonable diligence, or there is an inability of the injured party, despite the exercise of due diligence, to know of the injury or its cause. *Pettit v. Smith*, 241 B.R. 847 (E.D. Pa. 1999). The Ninth Circuit, in *Magnum v. Action Collection Service, Inc*., "held that the discovery rule applies to FDCPA claims." *Malik v. Unifund CCR Partners*, 2009 WL 5197820 (W.D. Wash. 2009), citing *Magnum*, 575 F. 3d at 941.

A statute of limitations, for purposes of an action brought under the FDCPA, is therefore tolled where the factual basis for a cause of action is "inherently unknowable." *See Geo. Knight & Co., Inc. v. Watson Wyatt & Co.*, 170 F. 3d 210 (1st Cir. 1999). The factual basis for a cause of action is "inherently unknowable" if it is "incapable of detection by the wronged party through the exercise of reasonable diligence." *Id*. at 213.

### 1.    Plaintiff Properly Pleaded Claims For Violation Of §§15   U.S.C. 1692e(5), 1692e(9).

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen (16) subsections of section 1692e provide a non-exhaustive list of

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

practices that fall within such prohibited conduct.[2]  Proscribed action includes "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

A defendant violates section 1692e(5) of the FDCPA where it asserts that "it *could* take an action that it had no intention of taking and has never or very rarely taken before." *Brown v. Card Service Center*, 464 F. 3d 456 (3rd Cir. 2006) (emphasis in original).  Where the clear import of a communication can be taken as a whole to mean that "that *some* type of legal action has already been or is about to be initiated and can be averted from running its course only by payment," and where the referenced action is not taken, or cannot be taken, a violation of section 1692(e)(5) is established.  *See Pipiles v. Credit Bureau of Lockport, Inc.* 886 F. 2d 22 (2d Cir. 1989) (emphasis in original); *see also Bentley v. Great Lakes Collection Bureau*, 6 F. 3d 60 (2d Cir. 1993) (finding references to post judgment proceedings of attachment and garnishment where the debt collector was not authorized to proceed would mislead the least sophisticated consumer that the debt collector would take action not intended to be taken); *Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982) (upholding the district court's finding of a section 1692(e)(5) violation where the subject communication "create(d) the impression that legal action by defendant is a real possibility ... (and) a consumer could legitimately believe that 'further collection procedures' meant court action when defendant had no

---

[2] A debt collection practice may violate the FDCPA even if it does not fall within specific conduct enumerated by the FDCPA.  *Clomon*, 988 F. 2d at 1318.

Response to Motion to Dismiss - 11

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

intention of pursuing such a course of action."); *Irwin v. Mascott*, 96 F. Supp. 2d 968 (N.D. Cal. 1999) (holding threats to sue, sent to individuals who did not meet the creditor's criteria for suit, violate section 1692e); **Nixon, FTC Informal Staff Letter (Feb 14. 1989) (sending complaint and summons to a consumer before they are filed)**.[3]

---

[3] Section 1692e borrows the legal concept of deception from the Federal Trade Commission Act ("FTC Act").  15 U.S.C. § 45; *Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168 (11th Cir. 1985).  Because the FDCPA expressly recognized the inadequacy of existing laws, including the FTC Act, to protect consumers, the idea of deception encompassed by section 1692e was intended to be more protective of consumers than the law in place at the time the FDCPA was enacted, including the FTC Act.  15 U.S.C. § 1692b; *see also Jeter*, 760 F. 2d 1168.  The proscription of deception developed by the FTC Act, and according decisions of courts discussing the same, is quite broad and approaches a requirement of merchants of honest openness and truthful frankness when dealing with consumers.

   **The fact that a practice is customary does not prevent it from being deceptive**. *See Tashof*, 437 F. 2d 707; *Pope v. Vogel*, 1998 WL 111576 (N.D. Ill. 1998); *Sunshien Art Studios, Inc. v. FTC*, 481 F. 2d 1171 (1st Cir. 1973); *Drennan v. Da Ru Credit Corp.*, 950 F. Supp. 858 (N.D. Ill. 1996).  **More important, the FDCPA does not afford debt collectors the right to partake in all actions to collect a debt that may otherwise be proper and legal outside of the FDCPA**.  *See Edwards v. Niagara Credit Solutions*,

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

The Federal Trade Commission ("FTC") Commentary, with reference to the language of section 1692e(5), states:

> A debt collector may not state or imply that he or any third party may take any action unless such action is legal and there is a reasonable likelihood, at the time the statement is made, that such action will be taken. A debt collector may state that certain action is possible, if it is true that such action is legal and is frequently taken by the collector or creditor with respect to similar debts; however, if the debt collector has reason to know there are facts that make the action unlikely in the particular case, a statement that the action was possible would be misleading.
>
> \*    \*    \*
>
> Section 807(5) refers not only to a false threat of legal action, but also a false threat by a debt collector that he will report a debt to a credit bureau, assess a collection fee, or undertake any other action if the debt is not paid. **A debt collector may also not misrepresent the imminence of such action**. A debt collector's implication, as well as a direct statement, of planned legal action may be an unlawful deception. For example, reference to an attorney or to legal proceedings may mislead the debtor as to the likelihood or imminence of legal action.

---

*Inc.*, 584 F. 3d 1350 (11th Cir. 2009) ("Niagara complains that if it is not permitted to leave out of its answering machine messages the disclosure required by § 1692e(11), the result will be that it cannot leave any messages on answering machines. That assumes an answering machine message that includes the disclosure required by § 1692e(11), if heard by a third party, would violate § 1692c(b). We have not decided that issue, but even if Niagara's assumption is correct, the answer is that the Act does not guarantee a debt collector the right to leave answering machine messages.").

Response to Motion to Dismiss - 13

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

53 Fed. Reg. 50106. (emphasis added).  JA-33 at 56.

To the least sophisticated consumer, Defendant's service of an unfiled summons and unfiled complaint conveys a realistic rather than hypothetical threat, as well as a reasonable inference that Plaintiff, should she not pay to Defendant the alleged balance demanded in full, could do nothing other than wait for the other shoe to drop during the ensuing weeks.  In other words, Defendant's service of an unfiled summons and unfiled complaint could very reasonably have appeared as an ominous harbinger of things to come unless Plaintiff complied with the directive of what had to be done "within 20 days after service of this summons."  Indeed, Defendant's repeated reference to a "default judgment," and indication of short and immediate periods of time in which action must be taken, could lead the least sophisticated consumer to no other conclusion than that a judgment, whether default or otherwise, or at the very least action to obtain a judgment, was looming and forthcoming following service of the unfiled summons and unfiled complaint on August 1, 2008.  Notably, Congress made clear that abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice.  H.Rep. No. 405, 99th Cong.2d Sess. (1985) *reprinted in* 1986 U.S.Code Cong. & Ad.News 1752, 1755.

Contrary to Defendant's representation of imminent legal action and according judgment, Defendant's action as threatened was not imminent, nor required any immediate response, but instead was intended to be pursued not less than five months

Response to Motion to Dismiss - 14

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

following service of the unfiled summons and unfiled complaint when Defendant actually filed the previously served summons and complaint and summons on February 11, 2009, and not less than eleven months following service of the unfiled summons and unfiled complaint when Defendant actually filed its Motion for Summary Judgment on July 22, 2009.  Simply, only where Defendant's threat of legal action and judgment failed to scare Plaintiff into handing over to Defendant any and all monies demanded, did Defendant ever intend to pursue legal action and incur time and expense in obtaining a judgment against Plaintiff.

> **2.**     **Plaintiff Could Not Have Known Of Events Fixing Liability, And Entitling Plaintiff To Institute A Cause Of Action Pursuant To 15 U.S.C. §§1692e(5), 1692e(9) Prior To One Year Of The Date On Which Plaintiff Filed Her Original Complaint.**

Notwithstanding Defendant's approximate delay of five months in filing the summons and complaint after serving the same upon Plaintiff on August 1, 2008, and no matter Defendant's eleven month lag in action actually taken upon the summons and complaint originally served upon Plaintiff on August 1, 2008, the nature of the injuries pleaded by Plaintiff as they relate to 15 U.S.C. §1692e(5) were inherently undiscoverable as of August 1, 2008.  Simply, Plaintiff could not have known of Defendant's lack of intent to take action as threatened until such action was not taken within a reasonable time following Defendant's threat.  Until the successive parade of horribles, suggested as a natural and impending consequence should legal process trigger the first and ensuing steps in the progression resulting in judgment against Plaintiff, failed to transpire as so

Response to Motion to Dismiss - 15

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

unequivocally suggested, Plaintiff could not have known of her appropriate cause of action.  Plaintiff's inability to plead a violations of 15 U.S.C. §1692e(5) on August 1, 2008 was not the result of mere ignorance, but rather of blameless ignorance.

Of the utmost significance to issue at hand, intent is an issue of fact to be inferred from all surrounding circumstances.  *Guidry v. American Public Life Ins. Co.*, 512 F. 3d 177 (5th Cir. 2007).  The determination as to whether a defendant did not intend to take action as threatened is an issue of fact for the trier to decide.  *See Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168 (11th Cir. 1985) ("If the jury so finds, it must then decide whether Credit Bureau intended to take such threatened action in this case.");  *see also Lovelace v. Stephens & Michaels Associates, Inc*., 2007 WL 3333019 (E.D. Mich. 2007).

Indeed, Plaintiff bears the burden of proving Defendant's lack of intent to take action as threatened and must be prepared with some evidence to rebut an assertion that Defendant intended to take the threatened action.  However, direct evidence of a defendant's intent to take action as threatened is seldom available, and such intent must often be inferred from by the fact finder from the circumstances.  *See. e.g. Piples v. Credit Bureau of Lockport, Inc*., 886 F. 2d 22 (2d Cir. 1989).  Whether a defendant threatened to take any action that cannot legally be taken or that is not intended to be taken may depend on a number of circumstances, *i.e.* whether actions were intended by a defendant at the time that a threat was made; whether a threat of action was truly imminent as represented; whether threatened action was beyond the defendant's contractual authority at the time made; whether threatened action was beyond the

Response to Motion to Dismiss - 16

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

defendant's legal authority, whether the defendant has in the past exhibited a policy not to pursue threatened action.  *See Brown v. Card Ser. Ctr.*, 464 F. 3d 450 (3d Cir. 2006); *Piples v. Credit Bureau, INc.*, 886 F. 2d 22 (2d Cir. 1989); *Crossley v. Lieberman*, 868 F. 2d 566 (3d Cir. 1989); *United States v. National Fin. Servs. Inc.*, 98 F. 3d 131 (4th Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F. 3d 60 (2d Cir. 1993).

Accordingly, the factual bases for Plaintiff's claim against Defendant pursuant to 15 U.S.C. §1692e(5) were "inherently unknowable," or "incapable of detection by Plaintiff through the exercise of reasonable diligence" until a reasonable period of time after the date on which Defendant served upon Plaintiff the unfiled summons and unfiled complaint.  Logic dictates that such a reasonable period of time could expire no earlier than the last date on which Plaintiff was afforded by Defendant an opportunity to initially respond to Defendant's false threats of legal action ("20 days after service of this summons," or up to and until August 21, 2008), or no earlier than "14 days" after serving a "demand that the other party file this action with the court" (up to and until August 15, 2010).[4]

---

[4] 15 U.S.C. §1692e(9) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> *    *    *
> The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**B.      Notwithstanding, Defendant's Asserted Defense Regarding The Applicable Statute Of Limitations Is Not Properly Before This Court On A Motion To Dismiss.**

A statute of limitations defense may only be raised on a motion under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. United States Veterans' Administration Hospital*, 514 F. 2d 1092, 1094 (3d Cir. 1975); accord *Herron v. Herron*,

States or any State, or which creates a false impression as to its source, authorization, or approval.

15 U.S.C. §1692e(9).

Akin to Plaintiff's inability to discover, by exercise of reasonable diligence and intelligence, that she had an actionable claim pursuant to 15 U.S.C. §1692e(5) until the expiration of a reasonable period of time following the date on which Defendant served upon Plaintiff the unfiled summons and unfiled complaint, Plaintiff was likewise unable to discover, by exercise of reasonable diligence and intelligence, that she had an actionable claim pursuant to 15 U.S.C. §1692e(9) until the expiration of a reasonable period of time following the date on which Defendant served upon Plaintiff the unfiled summons and unfiled complaint.  In particular, viewed from the perspective of the least sophisticated consumer, the only reasonable conclusion arrived at as a result of Defendant's service of the unfiled summons and unfiled complaint is the impression that they were issued or approved by a court.  Only later was Plaintiff able to determine that such was not the case.

Response to Motion to Dismiss - 18

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

255 F. 2d 589, 593 (5th Cir. 1958) (the defense of limitation may be asserted by motion to dismiss for failure to state a claim where the complaint shows affirmatively that the claim is barred); *Panhandle Eastern Pipe Line Co. v. Parish*, 168 F. 2d 238, 240 (10th Cir. 1948); 2A J. Moore, Moore's Federal Practice P 9.07, at 1963 (2d ed. 1974); *see also Currier v. Knapp*, 442 F. 2d 422, 423 (3d Cir. 1971) (per curiam) (statute of frauds, as an affirmative defense, must "be set forth affirmatively by a party pleading to a preceding pleading" and was improperly entertained under a Rule 12(b)(6) motion).

　　　If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).  *See Camacho v. National Credit Adjustment Agency*, 2007 WL 760416 (E.D. Wash 2007) (noting with reference to "the running of the statute of limitations" that "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 (9th Cir.1995).  Discussed *supra*, the alleged bar in the matter at hand is not apparent on the face of Plaintiff's original complaint.  Rather, the date that the statute of limitations begins to run is an issue of fact to be decided by the trier.  *H.B. Filmes, Ltda. v. CBS, Inc.*, 98 Fed.Appx. 596 (9th Cir. 2004).[5]

---

[5] Defendant, through its Motion to Dismiss, requests that "the Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) ..."  Should this Court chose to construe Defendant's Motion to Dismiss otherwise, Plaintiff requests leave, and reserves her right, to file a motion to stay pursuant to Fed. R. Civ. P. 56f in addition to Plaintiff's instant response.

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**VII.    DEFENDANT RELIES ALMOST ENTIRELY UPON A SINGLE CASE FOR WHICH NEITHER THE FACTUAL ASSERTIONS, CLAIMS ALLEGED, NOR LEGAL ANALYSIS ARE ON POINT, AND FAILS TO ADDRESS CONTROLLING DECISIONS OF THE NINTH CIRCUIT COURT OF APPEALS.**

Through its Motion to Dismiss Defendant relies almost entirely upon an unpublished decision of this Court, in the matter of *Camacho v. National Credit Adjustment Agency*, 2007 WL 760416 (E.D. Wash 2007), in support of its assertion that Plaintiff's claims are barred by the applicable statute of limitations. Notably, this Court's decision in *Camacho v. National Credit Adjustment Agency* revolved around the "exception to [a statute of limitations defense] when the defendant allegedly engaged in a pattern of conduct that collectively constitutes a single violation of the FDCPA." *Id.* at *2. Important, this Court noted as a preface to its opinion that "[t]he parties have not cited a case that squarely addresses both questions." *Id.* at 1.

The matter at hand does not; however, rest upon an analysis of the "continuing violation rule," but rather application of the "discovery rule." Discussed *supra*. Markedly, as previously cited, the Ninth Circuit, in August of 2009, unambiguously held that the "discovery rule" applies to claims brought under the FDCPA. *Magnum v. Action Collection Serv., Inc.*, 575 F. 3d 935, 941 (9th Cir. 2009).

WHEREFORE, Plaintiff hereby requests that this Court enter an Order denying Defendant's Motion to Dismiss.

Response to Motion to Dismiss - 20

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Respectfully submitted this 25th of January, 2010.

s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

Filed electronically on this 25th of January, 2010, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system on this 25th of January, 2010 to:

Mr. Carl E. Hueber
WINSTON & CASHATT
601 W. Riverside, Ste. 1900
Spokane WA 99201

By: s/ Kimberly Larson
      Kimberly Larson

Response to Motion to Dismiss - 21

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com