Carl E. Hueber, WSBA No. 12453
WINSTON & CASHATT
601 W. Riverside Ave.
1900 Bank of America Financial Center
Spokane, WA  99201
Telephone:  (509) 838-6131
E-mail:  ceh@winstoncashatt.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JONNI ISAAC,

                    Plaintiff,

vs.

SUTTELL & ASSOCIATES, PS,

                    Defendant.

No.   CV-09-5071-RMP

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

The facts of this case remain undisputed.  The only Complaint that has been properly lodged is plaintiff's original Complaint, in which she alleges that defendant Suttell & Associates initiated a lawsuit by serving a Summons and Complaint on her which had not been filed, which she claimed violated the Fair Debt Collection Practices Act (FDCPA) because that Summons and Complaint: (1) constituted use or distribution of a written communication which simulated or falsely represented to be a document

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
 -- 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

authorized, issued or approved by a court of Washington, which created a false impression as to its source; (2) constituted "initial communication" which failed to include the requisite notice language; and (3) constituted a threat to take action that could not legally be taken. (Complaint ¶7) It is undisputed the Summons and Complaint were served on August 1, 2008. It is undisputed the Summons and Complaint were not filed prior to, or simultaneously with, service. It is undisputed plaintiff did not file this action alleging FDCPA violations until August 10, 2009. Plaintiff's response to defendant's motion to dismiss establishes that the conduct which plaintiff claims supports her causes of action is the service of a Summons and Complaint that had not been filed. As a result, the statute of limitations accrued from the date of that service, and plaintiff's action is time barred.

## II. LAW

Much of plaintiff's response brief simply includes an outline of the law on the FDCPA, and appears in large part to address the underlying propriety of serving a Summons and Complaint that has not been filed, and whether such conduct can constitute an FDCPA violation under Washington law which provides for initiation of a lawsuit by

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

service. That issue, while ultimately in dispute, need not be determined at this juncture.[1]
Instead, the recitation of the conduct of which plaintiff complains all stems from the service of the unfiled Summons and Complaint, which renders this action time barred.

### A. When the basis for plaintiff's claim is the service of an unfiled Summons and Complaint, the statute of limitations accrues on the date of service.

When the alleged violation of the FDCPA is the initiation of a lawsuit, the statute of limitations begins to run on the date that action is initiated. See, Naas v. Stolman, 130 F.3d 892 (9th Cir. 1997). In Naas, the plaintiff asserted that a lawsuit filed by attorneys for a collection company violated the Fair Debt Collection Practices Act; the court found that the attorney's last opportunity to comply with the FDCPA would have been on the date the suit was filed. (There was no allegation that the suit had been served and not filed, so the court utilized the initiation date, in that instance filing.) In analyzing the accrual of the FDCPA limitations accrual date, the Naas court recognized that finding a

---

[1] Plaintiff also references additional claims made in her subsequent Amended and Second Complaints which include claims not related to the service of an unfiled Summons and Complaint; these were presumably brought in an attempt to avoid dismissal because of the untimeliness of the original claims. Defendant has separately moved to strike those amended pleadings and will not address those claims here.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

date which may be "fixed by objective and visible standards, one which is easy to determine, ascertainable by both parties, and may be easily applied" are considerations in establishing an accrual date.  130 F.3d at 893.  The court there found that filing the complaint was the debt collector's last opportunity to comply with the FDCPA, and the filing date was easily ascertainable.  Plaintiff also cites <u>Naas</u>, agreeing the date of last compliance is an appropriate measure for accrual purposes.

     Here, the plaintiff is asserting that the service of the lawsuit which was unfiled in some fashion misrepresented the nature of the suit, failed to contain the requisite notices under the FDCPA, and threatened to take an action which could not be taken.  All of these things happened on the day defendant initiated the lawsuit by serving that lawsuit without filing it.  Plaintiff ignores the court's decision in <u>Camacho v. National Credit Adjustment Agency</u>, 2007 WL 760416 (E.D.Wash. 2007), which mirrors the <u>Naas</u> decision fixing accrual at the point the debt collector initiates the contact alleged to violate the FDCPA.  The <u>Camacho</u> court did **not** find the conduct alleged a "continuing violation," and thus stated the usual accrual date.  Plaintiff admits "a continuing violation" is not at issue (Plaintiffs' Responses, p. 20) and thus, under the basic accrual rule, the limitations period here ran upon service, the conduct forming the basis of plaintiff's complaint.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Serving the suit without filing it was the defendant's last chance to comply with what plaintiff asserts are requirements of the FDCPA, as is clear from the analysis of each of plaintiff's claims.

### 1. Plaintiff claims that the lawsuit misrepresented actual legal pleadings accrued on the date of service of those pleadings.

Plaintiff's claim that the Summons and Complaint served upon her was a written communication which simulated or was falsely represented to be a document issued by a Washington court, in violation of 15 U.S.C. §1692e(a), accrued on the date service was made of the unfiled Summons and Complaint; plaintiff's assertion is that the very service of an unfiled Complaint somehow simulated or falsely represented an actual lawsuit. Plaintiff admits that her claim is that defendant's service of the unfiled Summons and unfiled Complaint left the false impression that they were issued or approved by the court. (Response Motion to Dismiss, p. 18, n. 4)  Even if that could possibly be true under Washington law, which defendant disputes, the alleged violation occurred by serving a Summons and Complaint issued by attorneys and not the court after filing. That conduct happened on August 1, 2008, and plaintiff's claim that that violated the FDCPA had to be filed on or before August 1, 2009, which it was not.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

### 2. The "threatened" action was the initiation of the suit which happened on August 1, 2008.

Plaintiff asserts that defendant's service of an unfiled Summons and Complaint conveys a "realistic rather than hypothetical threat," and complains that "defendant's service of an unfiled Summons and unfiled Complaint" which included a "repeated reference to a 'default judgment' " could lead the least sophisticated consumer to the conclusion that a judgment, whether default or otherwise, was looming and forthcoming following service. (Response to Motion to Dismiss, p. 14)  It is very clear that plaintiff's allegation is that defendant's threatened action by serving the Summons and Complaint before filing, and the utilization of an unfiled Summons and Complaint is the basis of her claim that defendant "threatened" to take action that could not legally be taken in violation of 15 U.S.C. §1692e(5).  Again, this claim is completed based on the service of the Summons and Complaint before filing; the date the suit was initiated by service was the last date defendant could have avoided the alleged violation by filing the suit before serving, and the initial contact which constituted the alleged violation; the <u>Naas</u> and <u>Camacho</u> courts establish August 1, 2008 as the accrual date.

### 3. Failure to include the alleged requisite language in the Summons and Complaint occurred on August 1, 2008.

If the Summons and Complaint were required to contain the notice language in 15 U.S.C. §1692g, as plaintiff asserts, use of the Summons and Complaint without the

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 6

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

language was the violation.  It is undisputed the Summons and Complaint (without the language) were served on August 1, 2008.  That was the beginning and the end of the violation, and this suit was filed more than one year later.

**B.    The "discovery rule" cannot operate on plaintiff's causes of action here to create a floating and indiscernible statute of limitations.**

Plaintiff suggests that the "discovery rule" applies here to create a floating statute of limitations depending upon proof of defendant's "lack of intent to take action as threatened," but the "discovery rule" simply does not apply to plaintiff's causes of action.  The "discovery rule" is a concept applied to the accrual of a cause of action when the facts of a plaintiff's claim could not have been known on the date they actually occurred.  It is an exception to the normal accrual period, and plaintiff must establish some facts akin to concealment, or an inability to discover the facts in order to extend the accrual date.  However, here, the attorneys did not "threaten" to initiate suit, under Washington law they **did** initiate suit by service.  The defendant did not utilize misleading process which simulated some unauthorized lawsuit, they **initiated** a lawsuit by service under Washington law.  Plaintiff's Complaint is that that initiation of a lawsuit without filing violated the FDCPA.  As a result, the day of that service is the day of accrual, and plaintiff knew all the relevant facts on that day.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 7

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

All of the cases cited by the plaintiff utilizing the discovery rule are instances in which the actual facts of the defendant's conduct could not possibly have been known by the plaintiff until some later period.  For example, in <u>Magnum v. Action Collection Service, Inc.</u>, 575 F.3d 935 (9th Cir. 2009), the court found that the cause of action for a city employee's claim against a debt collector for disclosing that the employee had written bad checks could only accrue when the employee could possibly have discovered that disclosure.

Plaintiff's suggestion that the statute of limitations is going to be an issue of fact depending on the proof of defendant's intent would make an unworkable accrual period, that would be virtually impossible to prove, and never ascertainable.  The statute of limitations for an FDCPA violation here cannot be dependent on the number of days after service that the defendant actually filed the lawsuit, or intended to file the lawsuit.  This would create a situation in which the statute could have accrued one week after service, three weeks after service, three months after service, or three years after service.  What if defendant never filed the lawsuit?  It takes little analysis to establish that this is an unworkable basis on which an action can accrue.

Plaintiff alternatively suggests that a "reasonable period" of time after the date on which defendant served the unfiled Summons and unfiled Complaint must pass until the action accrued, suggesting that a reasonable period of time should at least be the 20 days

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 8

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

answer period, or the 14 days during which the plaintiff could have demanded filing. However, neither of these dates are relevant to create any issue of fact on the accrual of plaintiff's causes of action because plaintiff knew or could have known that the action had not been filed when she was served.  Plaintiff continues to admit that it is "defendant's false threats of legal action" which is at the heart of this suit.  (Plaintiff's Response Memo, p. 17, l. 15)  Either defendant's service of an unfiled suit was a "false threat of legal action" on the day it was served or it was not.  If the unfiled suit was improperly served on her and was an improper threat, plaintiff fails to explain why 14 days or 20 days after the unfiled suit was served is a reasonable accrual date.  Those would not have been dates by which the defendant was required to file, absent demand by the plaintiff, which did not occur here.

Plaintiff's method would literally create a rolling period of time that is unknowable and is not the basis of her suit.  The discovery rule does not apply here to extend the basic statute of limitations rule, which provides for an ascertainable date - - the date on which the allegedly illegal conduct occurred.

    **C.**    **The claims made by the plaintiff in her Complaint and the undisputed facts of this case establish the basis for the dismissal.**

The basis for dismissal in this action is apparent from the face of the Complaint, and from information contained in the record.  While plaintiff seems to argue that a

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 9

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

Rule 12(b)(6) motion was inappropriate here, in order to request the right to file a motion to "stay"[2] pursuant to Rule 56, plaintiff fails to establish any facts that she would discover necessary to the determination of the accrual of the statute of limitations here. The date of service is apparent from the Complaint, as are plaintiff's claims that the service of an unfiled Summons and Complaint violated the FDCPA. A Rule 12(b)(6) motion to dismiss remains proper, and the court needs no other facts.

**D.    Plaintiff does not respond to the Motion to Dismiss the Washington Collection Agency Act claim or the Consumer Protection Act claim, and those claims should be dismissed.**

Defendant also moved to dismiss plaintiff's claims for violation of the Washington Collection Agency Act (WCAA) and the Consumer Protection Act (CPA), to which the plaintiff has not responded. The failure to file such a response operates as consent to the relief sought. LR 7.1(h)(5). As a result, these claims should be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, defendants request that the court dismiss this action as

---

[2] Presumably this would be a motion for a continuance.

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 10

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

1 | time barred.

2 |     DATED this 8th day of February, 2010.

3 |

4 |                           <u>s/Carl E. Hueber, WSBA No. 12453</u>

5 |                           WINSTON & CASHATT
  | Attorneys for Defendant

6 |

7 | 601 W. Riverside Ave.
  | 1900 Bank of America Financial Center

8 | Spokane, WA 99201
  | (509) 838-6131

9 | Facsimile: (509) 838-1416
  | E-mail Address: ceh@winstoncashatt.com

---

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 11

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131

CERTIFICATE OF SERVICE

  I hereby certify that on February 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

    Jon N. Robbins
    Alex Weisberg
    Attorneys for Plaintiff

            s/Carl E. Hueber, WSBA No. 12453
            WINSTON & CASHATT
            Attorney for Defendant

            601 W. Riverside, Ste. 1900
            Spokane, WA 99201
            (509) 838-6131
            Facsimile: (509) 838-1416
            E-mail Address: ceh@winstoncashatt.com

181304

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS
-- 12

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
1900 Bank of America Financial Center
601 West Riverside
Spokane, Washington 99201
(509) 838-6131